UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. 2:15-cv-02300-GEB-CMK |
| Plaintiff, | |
| v. | ***SUA SPONTE* REMAND ORDER**<sup>*</sup> |
| WALTER A. WEBER, MARY A. WEBER, DOES 1-10, inclusive, | |
| Defendants. | |

On November 5, 2015, Defendants filed a Notice of Removal removing this unlawful detainer action from the Superior Court of California for the County of Shasta. (Notice of Removal ("NOR"), ECF No. 1.) For the following reasons, the Court *sua sponte* remands this case to the Superior Court of California for the County of Shasta for lack of subject matter jurisdiction.

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall

---

[*] The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must - remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)).

Defendants assert in the Notice of Removal ("NOR") that federal question removal jurisdiction exists. (NOR ¶ 3.) Essentially, Defendants contend the Notice to Vacate the Premises they received following the foreclosure sale of their home "expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201" and indicate this statute will be a defense and/or counterclaim to Plaintiff's Complaint. (Id. at ¶ 7.)

However, review of the Complaint reveals Plaintiff alleges a single claim for unlawful detainer under California law, and "[a]s a general rule, . . . a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Under the "well-pleaded complaint rule[,] . . . 'a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint . . . .'" Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)). Similarly, "federal [question] jurisdiction [cannot] rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 556 U.S. 49, 50 (2009). Therefore, Defendants' reliance on the 90-day

notice provision in Protecting Tenants at Foreclosure Act is an impermissible basis for removal.

For the stated reasons, this case is remanded to the Superior Court of California for the County of Shasta.

Dated: November 6, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge